MR. JUSTICE SHEEHY,
dissenting:
I dissent.
In our original opinion in this case, we had examined the rights guaranteed our citizens under state constitutional principles, in the light of federal constitutional decisions. Now the United States Supreme Court has interjected itself, commanding us in eifect to withdraw the constitutional rights which we felt we should extend to our state citizens back to the limits proscribed by the federal decisions. Effectively, the United States Supreme Court has intruded upon the rights of the judiciary of this sovereign state.
Instead of knuckling under to this unjustified expansion of federal judicial power into the perimeters of our state *350 power, we should show our judicial displeasure by insisting that in Montana, this sovereign state can interpret its constitution to guarantee rights to its citizens greater than those guaranteed by the federal constitution.
I agree with Justice Stevens, who dissented in Michigan v. Long (1983) _U.S._ 103 S.Ct. 3469, 77 L.Ed.2d 1201. We can paraphrase what his majority has done to Montana by quoting from his dissent:
“In this case the State of [Montana] has arrested one of its citizens and the [Montana] Supreme Court has decided to turn him loose. The respondent is a United States citizen as well as a [Montana] citizen, but since there is no claim that he has been mistreated by the State of [Montana], the final outcome of the state processes offended no federal interest whatever. [Montana] simply provided greater protection to one of its citizens than some other State might provide or, indeed, than this Court might require throughout the country.” At _, 103 S.Ct. at 3490.
What Justice Stevens is saying, and I am glad to echo, is that the United States Supreme Court has no business contravening the final decisions of a state judiciary where no federal right guaranteed to all citizens has been offended. Constitutional rights are guaranteed to persons, not states. Here the State has complained to the United States Supreme Court because its own state judiciary has protected the constitutional rights of one of its citizens, and extended those rights beyond what the State perceives as the federal limits. It has always been the rule that the states could extend federal constitutional rights past the boundaries of the federal limitations as defined by the federal judiciary, but could not delimit such constitutional rights to a lesser degree than would be permitted under federal rules. In other words, the United States Supreme Court historically has intervened to make sure that persons who seek to vindicate federal rights have been fairly heard. Historically, as Justice Stevens pointed out, the United States Supreme Court reviewed the findings of fact of a state court, only “where a *351 federal right has been denied.” _U.S. at_, 103 S.Ct. at 3491.
No federal rights of a citizen were denied in our original opinion in this case.
The general public may have a perception that courts operate in a degree of permanency, interpreting constitutions and laws unchangingly. That perception is most misleading. The shades of opinion and the quality of a court’s interpretations are transient, depending in large measure upon the changing personnel making up the court, and the ability of its members to withstand the tides of public opinion. The most illustrative example of this transiency is the United States Supreme Court itself. Its vagaries of opinions in the fields of civil rights, human rights, education, and the rights of states in the past 20 years must be astounding to any student of judicial history. The result of the decision in Michigan v. Long will be, as Justice Stevens said, a swelling increase in the number of cases the United States Supreme Court will be called on to interpret, where states complain that their own judiciaries have granted greater rights than the federal decisions have allowed. The great likelihood is that the United States Supreme Court must in the future reverse its position and adopt a stance that adequate state grounds for its decision are independent of federal grounds unless it clearly appears from the state’s opinion otherwise. We should at least attempt to force the United States Supreme Court to come to that proper stance.
If a majority of this Court had the will to press the issue, we could put the question to the United States Supreme Court four-square, that this State judiciary has the right to interpret its constitution in the light of federal decisions, and to go beyond the federal decisions in granting and preserving rights to its citizens under its state constitution. That is the route I would take in this case.